IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KWOK SZE,                                  :        CIVIL ACTION NO. **1:CV-12-0619**
                                           :
                    Plaintiff              :        (Chief Judge Kane)
                                           :
          v.                               :        (Magistrate Judge Blewitt)
                                           :
PUI-LING PANG a/k/a                        :
                                           :
SHERRY PANG, *et al.*,                     :                **FILED**
                                           :                **SCRANTON**
                    Defendants             :
                                                        AUG **1 9** 2013

                                                   PER _____
**REPORT AND RECOMMENDATION**                                  DEPUTY CLERK

I.      **Background.**

        On April 4, 2012, Plaintiff, Kwok Sze, currently an inmate at the Franklin Correctional

Facility, Malone, New York ("FCF"), filed, *pro se*,  a civil rights action with this Court, pursuant to

42 U.S.C. § 1983. (Doc. 1).   In his original Complaint, Plaintiff raised Fourth Amendment claims

alleging that the sole Defendant, Piu-Ling Pang, a/k/a Sherry Pang, unlawfully recorded their

conversations  between March 27, 2009 through March 31, 2009, while he was speaking to her

on his telephone in his private office in [Dunmore] Pennsylvania.  Plaintiff also raised a claim under

the Federal Wiretapping Act, 18 U.S.C. §§2510-2520. Plaintiff stated that Defendant Pang resided

at 60 Shingle House Road, Millwood, New York.  Plaintiff also stated that Defendant Pang's alleged

conduct violated the Pennsylvania Constitution as well as Pennsylvania law, namely, 18 Pa.C.S. §§

5703-5704.  Plaintiff averred that Defendant Pang violated his constitutional rights while she was

acting in concert with the New Castle Police Department [located in Westchester County, New

York] as an operative under color of state law and under ordinances of Westchester County [New

York] to deprive him of his right to privacy. (*Id.*, p. 3).

Thus, we construed Plaintiff as raising a conspiracy claim against Defendant Pang under 42 U.S.C. §1985(3). It was not clear from his original Complaint if Plaintiff was referring to New Castle, Pennsylvania, which is in Lawrence County, Pennsylvania, and located in the Western District of Pennsylvania, or if he was referring to New Castle, New York which is in Westchester, New York. However, it is now clear that Plaintiff was alleging that he was working in his private office in Dunmore, Pennsylvania, and using his office telephone when Defendant Pang unlawfully recorded him form March 27, 2009 through March 31, 2009. Also, it is now clear that the New Castle Police Department to which Plaintiff was referring is in Westchester County, New York. Regardless of where Plaintiff's claims accrued, it was clear that they did not arise in the Middle District of Pennsylvania since Plaintiff phone conversations were allegedly recorded in Westchester County, New York, and since Defendant was not located in the Middle District of Pennsylvania during the relevant times of this case, *i.e.* March 27, 2009 through March 31, 2009. Thus, we found that venue was not proper in the Middle District of Pennsylvania.

As relief, Plaintiff requested compensatory damages, punitive damages and nominal damages. (*Id.*, p. 4).

Plaintiff also filed an *in forma pauperis* Motion on April 11, 2012. (Doc. 4). However, on April 13, 2012, as noted above, Plaintiff paid the filing fee in full. (Doc. 5). Thus, we recommended that Plaintiff's *in forma pauperis* Motion (Doc. 4) be denied as moot.

Plaintiff's original Complaint was not served on Defendant Pang. Rather, we screened Plaintiff's original pleading (Doc. 1) as we were obliged to do under the Prison Litigation Reform

2

Act of 1995.   On April 25, 2012, we issued a Report and Recommendation ("R&R") and recommended that the Court dismiss Plaintiff's original Complaint (Doc. 1) with prejudice.[1] (Doc. 6).  We also recommended that the Court deny as moot  Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*  (Doc. 4).

In the alternative, we recommended that, for the convenience of the parties and in the interests of justice, Plaintiff's case as against Defendant Pang  be transferred to the District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §1404(a).[2]

On May 15, 2012, Plaintiff filed Objections to our R&R and he filed an Amended Complaint.  (Docs. 9 & 10).

On June 7, 2012, the Court issued an Order adopting our R&R and dismissed Plaintiff 's original Complaint with prejudice.  (Doc. 11).

Plaintiff filed a timely Notice of appeal with the Third Circuit Court of Appeals on June 28, 2012.

---

[1]Notwithstanding Plaintiff Sze's *pro se* status, we did not recommend that he be permitted leave to file an amended Complaint regarding any of his constitutional claims against Defendant Pang since we found that, based on well-settled case law, his claims were time barred.  Thus, we found futility of any amendment of these claims, and we did not recommend Plaintiff be granted leave to amend his action with respect to his stated claims. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 236 (3d Cir. 2004).

[2]We construed Plaintiff as alleging in his original Complaint that his claims arose in New Castle, Pennsylvania, which is in Lawrence County, Pennsylvania, and located in the Western District of Pennsylvania.   However, based on his Amended Complaint, it is now clear that Plaintiff's claims against Defendants Pang and the New Castle Police officers arose in Westchester County, New York, and that his Defendants are all located there.

On July 9, 2013, the Third Circuit issued its Judgment and vacated the June 7, 2012 Judgment of the District Court and remanded the case for further proceedings. (Doc. 16). The Third Circuit then issued its Mandate and Opinion on July 31, 2013. (Docs. 18 & 18-2). The Third Circuit found that Plaintiff properly filed his Amended Complaint (Doc. 10), and that in his amended pleading he alleged the statute of limitations period should be tolled until November 15, 2011, when he averred the New Castle Police Department in New York sent him a letter and advised him "that none of the parties to the telephone conversations [from March 27, 2009 through March 31, 2009, between Plaintiff and Defendant Pang] had provided prior written consent for the recording[s]." (Doc. 18-1, p. 4). Thus, the Third Circuit found that Plaintiff may have exercised due diligence regarding his Fourth Amendment claims and could not have reasonably learned that there was no consent for the stated telephone conversations until November 15, 2011. (Id.). The Third Circuit also found that "[g]iven [Plaintiff's] allegation that he did not learn about the lack of consent until November 15, 2011, we cannot preclude the possibility that [Plaintiff] has raised a timely claim under the [Federal Wiretapping] Act." (Id., p. 5). The Third Circuit noted that the issues of whether Plaintiff had exercised due diligence and could not have reasonably learned of the alleged lack of consent regarding the telephone conversations until November 15, 2011, and whether Plaintiff was entitled to tolling of the applicable 2-year limitations periods regarding his constitutional claims and claims under the Wiretapping Act "necessarily entail[] fact-finding, which appropriately lies within the province of the District Court." (Id., p. 4).

Therefore, the Third Circuit concluded that "the District Court erred by sua sponte dismissing [Plaintiff's] Complaint, as it is unclear from the face of his Complaint as to whether his

action is  barred by the applicable limitations periods [*i.e.,* 2- year limitations periods]." (*Id.,* p. 5)(citations omitted).

Notwithstanding the facts that on April 13, 2012, Plaintiff paid the filing fee in full in this case (Doc. 5) and that on June 7, 2012, the Court ordered Plaintiff's original *in forma pauperis* Motion (Doc. 4) be denied as moot, on July 19, 2013,  Plaintiff filed a second  *in forma pauperis* Motion (**Doc. 17**).  Thus, we shall again recommended that Plaintiff's second *in forma pauperis* Motion (Doc. 17) be denied as moot since he had already paid the full filing fee in this case.

On August 14, 2013, the District Court issued an Order and referred Plaintiff's case to the undersigned for all pre-trial matters. (Doc. 19).

We now screen Plaintiff 's Amended Complaint **(Doc. 10)** as required under the PLRA.  We shall recommend that Plaintiff's case and his Amended Complaint  (Doc. 10) be transferred to the Southern  District of New York.

**II.    PLRA.**

As stated, Plaintiff Sze , an inmate at FCF in New York,  paid the full filing fee.  (Doc. 5). Despite Plaintiff's payment of the filing fee, the Prison Litigation Reform Act of 1995 (the "PLRA")[3] obligates the Court to engage in a screening process.  *See Vega v. Kyler*, C.A. No. 03-1936 (3d Cir.2004) 2004 WL 229073 (Non-precedential) (if prisoner pays filing fee, civil rights complaint is subject to review under 28 U.S.C. § 1915(A)(b) and not 28 U.S.C. § 1915(e)(2)(B)).  *See also Vieux v. Smith*, 2007 WL 1650579 (M.D. Pa.);   *Hart v. Whalen*, 2008 WL 4107651, (M.D. Pa.).

.

---

[3]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

Section 1915A provides:

> **(a) Screening**.- The court shall review, before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
>> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> **(2)** seeks monetary relief against a defendant who is immune from such relief.

A Complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## III.   Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[4]  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-

---

[4]Plaintiff does not allege in his pleadings that Defendant Pang was a state actor but he alleges that Defendant Pang acted in concert with officers of the New Castle Police Department,

499 (M. D. Pa. 2005); *Phillips v. Miller*, 2010 WL 771793, *2 (M.D. Pa.).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

*See also Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051,*3("a prerequisite for a viable civil rights claim is that a Defendant directed, or knew of and acquiesced in, the deprivation of a Plaintiff's constitutional rights.") citing *Rode, supra*.

## IV.    Federal Wiretapping Act.

As stated, in addition to raising constitutional claims under the Fourth Amendment, Plaintiff

---

in Westchester, New York, and was a private citizen who "was acting under color of state law" to deprive him of his constitutional rights and to violate the Wiretapping Act.   (Doc. 10, p. 2).

also raises claims under the Federal Wiretapping Act. The Third Circuit, in its Opinion issued in this case stated, "18 U.S.C. §2520(a) provides that, with certain limitations, 'any person whose wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may n a civil action recover from the person or entity ... which engaged in that violation such relief as may be appropriate.'" (Doc. 18-2, p. 5). The Third Circuit further stated that "[c]ivil actions under the Act are also subject to a two-year limitations period, which beings running 'two years after the date upon which the claimant first has a reasonable opportunity to discover the violation.' 18 U.S.C. §2520(e)." (*Id.*).

The Court uses the same standard of review to screen a Complaint under the PLRA  as a Rule 12(b)(6) motion. *Grayson v. Mayview State Hosp.*, 293 F. 3d 103, 110 (3d Cir. 2002); *Sharpe v. Costello*, 2007 WL 1098964, *3 (M.D. Pa. 2007); *O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.).

**V.     Motion to Dismiss Standard.**

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of

8

*Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

*See also Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009).

## VI.   Discussion.

In his 6-page typed Amended Complaint, Plaintiff names the following as Defendants: Pui-Ling Pang, a/k/a Sherry Pang, residing at 60 Shingle House Road, Millwood, New York; Detective Corado, a police officer with the New Castle Police Department ("NCPD"), Chappaqua, Westchester County, New York; Detective Sergeant Wilson, a police officer with the NCPD; Detective Noelle Vargas, a police officer with the NCPD.   (Doc. 10, pp. 1-2).  Plaintiff sues the three NCPD Defendants in both their individual and official capacities.  Plaintiff also attached

Exhibits, Exs. B-G, to his Amended Complaint.[5]  Plaintiff's Exhibits include his New York Freedom of Information Law ("FOIL")  requests to various officials and government offices of New York (including the District Attorney's Office for Westchester County, New York and to the New Castle Police Department, Westchester County, New York)  for copies of all of his arrest documents regarding the charges filed against him in New York and his New York criminal prosecution, copies of letters from the District Attorney's Office for Westchester County, New York, denying his FOIL requests, copies of Plaintiff's appeals to New York officials regarding the denials of his FOIL requests, as well as requests for documents regarding the recordings of his telephone conversations with Defendant Pang.

Plaintiff avers that he was living and working in Dunmore, PA, when the illegal recordings of his telephone conversations with Defendant Pang occurred between March 27, 2009 through March 31, 2009.  Plaintiff also avers that his telephone conversations with Defendant Pang were recorded without a warrant and without judicial supervision, and that the recordings were made by the officers of NCPD in Westchester County, New York, knowing that he did not consent to the recordings.  Plaintiff states that Defendant Pang acted as a "police agent" and at the direction of the NCPD during the telephone conversations and interrogated him by using lies and deception as well as the "sexual relationship between Plaintiff and Pang." (Doc. 10, pp. 2-3).

It appears that Plaintiff alleges the NCPD and its Defendant officers then used the information they gathered against him from the illegal telephone recordings to establish probable

---

[5]We could not find an Exhibit A attached to Plaintiff's Amended Complaint.  Also, Plaintiff only refers to Exhibits B through G in his Amended Complaint.

cause to arrest him and prosecute him in Westchester County, New York. It also appears from Plaintiff's Exhibits that he was convicted of the criminal charges filed against him by officers of the NCPD in Westchester County, New York.[6] (*See* Doc. 10, Ex. D). As stated, Plaintiff is currently confined in Franklin Correctional Facility, Malone, New York, and it appears that he is serving a sentence imposed after his conviction in Westchester County, New York. Plaintiff alleges that the conduct of the NCPD Defendants by illegally recording his telephone conversations with Defendant Pang, from March 27, 2009 through March 31, 2009, without a warrant and without consent and then by using the information to arrest and prosecute him violated his constitutional rights under both the U.S. Constitution and the Pennsylvania Constitution. (*Id.*, pp. 2-3).

Plaintiff also alleges that the statute of limitations should be tolled until November 15, 2011, when the NCPD Defendants first represented to him that there was no written consent for the recorded telephone conversations between Plaintiff and Defendant Pang. Specifically, in his amended pleading, Plaintiff alleges "[i]t is not until Nov[ember] 15, 2011, that a letter from the [New Castle Police Department in New York sent to him] stat[ed] that there was no written prior consent for March 30, 2009, and March 31, 2009, from any one of the  parties in the [telephone] conversations [between Plaintiff and Defendant Pang], then Plaintiff discovered the illegality of the recordings, the first reasonable opportunity, despite his diligent effect (sic)." (Doc. 10, p. 5). Plaintiff

---

[6]The Court can consider Plaintiff's Exhibits submitted with his Amended Complaint for present screening purposes. *See Reisinger v. Luzerne County*, 2010 WL 1976821, *7 (M.D. Pa.); *Pension Benefit Guarantee Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993); *Kuniskas v. Walsh*, 2010 WL 1390870, *3 (M.D. Pa.).

further avers that the NCPD Defendants violated his rights since they used illegally obtained evidence against him to establish probable cause to arrest and prosecute him Westchester County, New York, and since they told him that the recordings were legally obtained when in fact they were not.

Plaintiff states that he has been incarcerated since August 11, 2009, and that many of his constitutional rights have been violated during his confinement in the Franklin Correctional Facility by correctional officers which further delayed his discovery that his telephone conversations were illegally recorded.   (Doc. 10, p. 5). As the Third Circuit noted in its Opinion in this case, Plaintiff must file civil rights action alleging violations of his constitutional rights which occurred at the Franklin Correctional Facility in the appropriate district court. (Doc. 18-2, p. 6 n. 5). Plaintiff must also first exhaust all of his available administrative remedies at the prison prior to fling any action in federal court. See Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004); Woodford v. Ngo, 126 S.Ct. 2378 (2006); Porter v. Nussle, 534 U.S. 516, 532 (2002).

As relief in his Amended Complaint Plaintiff seeks damages, compensatory, punitive and nominal, against Defendants for the alleged violations of his Fourth Amendment rights and for violation of the Wiretapping Act.[7] Plaintiff requests damages totaling $10,000,000, and he requests declaratory judgment that the March 30 and 31, 2009 alleged conduct of Defendants was illegal.

---

[7]To the extent that Plaintiff seeks monetary damages from the NCPD Defendants, he can only sue the state actor Defendants in their individual or personal capacities. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); Meekins v. Beard, 2007 WL 675358, *3 (M.D. Pa.); Atwell v. Schweiker, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential). Thus, we recommend that Plaintiff's damages claims against the state actor Defendants in their official capacities be dismissed with prejudice.

12

(Doc. 10, p. 6).

Furthermore, with regards to Plaintiff's request for declaratory judgment, we find that the Court should dismiss with prejudice this request. Plaintiff simply asks the Court to issue a "declaration that the Mar[ch] 30, 2009, and Mar[ch] 31, 2009 are (sic) illegal." (Doc. 10, p. 6). Plaintiff lacks standing to have the Court declare the past conduct of Defendants unconstitutional.

In *Blakeney v. Marsico*, 340 Fed.Appx. 778, 780 (3d Cir. 2009), the Third Circuit Court stated:

> To satisfy the standing and "case or controversy" requirements of Article III, a party seeking a declaratory judgment "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas,* 341 F.3d 352, 358 (5th Cir.2003) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 102-03, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). Here, Blakeney seeks a declaration merely that defendants' "acts" and "policies" violate the United States and Pennsylvania Constitutions. He does not allege that he will be subjected to that alleged conduct in the future. Moreover, even if defendants violated Blakeney's rights in the past as he alleges, he is not entitled to a declaration to that effect. *See Brown v. Fauver,* 819 F.2d 395, 399-400 (3d Cir.1987) (directing District Court to dismiss prisoner's Section 1983 claim for prospective relief where appellant "has done nothing more than allege past exposure to unconstitutional state action").

(Emphasis added).

Even if the NCPD Defendants violated Plaintiffs' constitutional rights on March 30 and 31, 2009, Plaintiff cannot seeks declaratory relief to this effect. *See Blakeney, supra*. Therefore, we recommend that Plaintiff's request for declaratory relief be dismissed from this case with prejudice. Based on the above discussion, it is clear that it would be futile for the Court to allow Plaintiff to amend his Amended Complaint with respect to his stated request for declaratory relief. *See*

13

*Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002).

With regards to Plaintiff's damages claims under the Pennsylvania Constitution, we recommend that these claims for damages be dismissed with prejudice.

In *Bowers v. City of Phila.*, 2008 WL 5210256, *8 (E. D. Pa.), the Court stated:

> "To date, neither Pennsylvania statutory a authority nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution." *Dillon v. Homeowner's Select*, 957 A.2d 772, 780 n. 11 (Pa. Super. Ct. 2008) (quoting *Jones v. City of Phila.*, 890 A.2d 1188, 1208 (Pa. Commw. Ct. 2006), *appeal denied*, 589 Pa. 741, 909 A.2d 1291(Pa. 2006)). Accordingly, we agree with Defendants' undisputed assertion that Plaintiff's claims for damages under the Pennsylvania Constitution fail as a matter of law. *See Stockham Interests, LLC v. Borough of Morrisville*, No. 08-3431, 2008 WL 4889023, at * 10 (E.D. Pa. Nov. 12, 2008) (holding that "there is no private cause of action for damages arising from violations of the Pennsylvania Constitution," and granting defendant's request "to deny any monetary relief arising out of violations of the Pennsylvania Constitution," and granting defendant's request "to deny any monetary relief arising out of violations of the Pennsylvania Constitution") (citations omitted); *Alvarez v. City of Phila.*, No. 07-0493, 2008 WL 4347529, at * 13 (E.D. Pa. Sept. 23, 2008) (granting summary judgment in favor of defendant since "Pennsylvania does not recognize a private right of action for monetary damages for violation fo the Pennsylvania Constitution"); *Douris v. Schweiker*, 229 F.Supp.2d 391, 405 (E.D. Pa. 2002) (explaining that although Pennsylvania courts have not yet addressed the issue, federal courts have consistently held that no private cause of action for damages is available under the Pennsylvania Constitution); *Kelleher v. City of Reading*, No. 01-3386, 2001 WL 1132401, at * 3 (E.D. Pa. Sept. 24, 2001) (noting that "the federal courts in this Circuit . . . have concluded that there is no such private cause of action for damages under the Pennsylvania Constitution," and citing cases); *Pendrell v. Chatham Coll.*,386 F. Supp. 341, 344 (W.D. Pa. 1974) (rejecting Pennsylvania constitutional claim for damages and noting that plaintiff could cite no authority that implies such a cause of action).

Thus, all claims for damages that Plaintiff is making under the Pennsylvania Constitution should be dismissed with prejudice as a matter of law. *See Moeller v. Bradford Co.*, 444 F. Supp. 2d 316, 327, n. 13 (M.D. Pa. 2011)("Pennsylvania has no statutory equivalent to 42 U.S.C. § 1983, which provides a private right of action for a federal constitutional violation.")(citations omitted).

Finally, we find that venue of Plaintiff's action is not proper in the Middle District of Pennsylvania. As stated, the alleged unconstitutional conduct did not occur in the Middle District of Pennsylvania and the Defendants were not located in the Middle District of Pennsylvania during the relevant times of this case, *i.e,* late March 2009. While Plaintiff alleges that he was living and working in Dunmore, PA, when the illegal recordings were made, which is in the Middle District of Pennsylvania, it is clear from his Amended Complaint that Defendant Pang and the NCPD Defendants were all located in Westchester County, New York, and that the conversation were actually recorded in Westchester County, New York. Further, Plaintiff avers that the NCPD Defendants then used the evidence which they illegally obtained against him from recording his telephone conversations with Defendant Pang to arrest and prosecute him in Westchester County, New York. In fact, Plaintiff's own Exhibits show that all of the documents and records regarding the recordings, as well as all of the records regarding his criminal prosecution, are located in Westchester County, New York. Indeed, all of the pertinent documents and witnesses regarding Plaintiff's present claims are located in Westchester County, New York. Additionally, as stated, Defendants are all located in Westchester County, New York, and Plaintiff is now located in Franklin Correctional Facility, Malone, New York.

15

Moreover, as the Third Circuit Court pointed in this case, the tolling of the statute of limitations regarding Plaintiff's constitutional claims and his Wiretap Act claims is a factual question for the District Court to decide. (Doc. 18-2, p. 4). As mentioned, Plaintiff relies upon the alleged November 15, 2011 letter NCPD Defendants sent him advising him that there was no written prior consent by the parties to the March 30 and 31, 2009 telephone conversations as the basis to toll the statute of limitations with respect to his claims. Plaintiff did not submit this November 15, 2011 letter with his Amended Complaint. Regardless, we find that the District Court in the Southern District of New York is the proper Court to conduct the factual inquiry regarding the tolling issue since all of the alleged conduct occurred in that District and all of the records are located there.

Thus, the only connection which the Middle District of Pennsylvania had with Plaintiff's claims is that Plaintiff was in Dunmore when his telephone conversations with Defendant Pang were recorded by the NCPD Defendants in Westchester County, New York in order to prosecute Plaintiff in Westchester County, New York. Therefore, we find that all of Plaintiff's claims arose in the Southern District of New York, and all Defendants were located in the Southern District New York during the relevant times. As such, we will recommend that the Court transfer Plaintiff's case with respect to all of his claims against Defendants to the Southern District of New York since this is the more  convenient forum pursuant to 28 U.S.C. §1404(a).

A  court may transfer any civil action for the convenience of the parties or witnesses, or in the interests of justice, to any district where the action might have been brought.  28 U.S.C. §1404(a).  Title 28 U.S.C. §1391(b) provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district

where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action  may otherwise be brought.

See also *Vangura Kitchen Tops, Inc. v. C&C North America, Inc.*, 2008 WL 4540186, *3; *Eppard v. Certegy Payment Recovery Services, Inc.*, Civil No. 09-1414, M.D. Pa., 2-23-10 Memorandum.

In *Hankins v. Beard*, 2008 WL 2950996, *10 (M.D. Pa.), the Court stated:

> It is well settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a). The United States Supreme Court in *Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) recognized that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought by the plaintiff.

In *Brown v. Maue*, 2005 WL 1420776, *1 (M.D. Pa.), the Court stated:

> "the purpose of [§ 1404(a) ] is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Id.* (internal quotations omitted). Although the court has discretion to transfer venue, "a motion to transfer is not to be liberally granted." *Measurement Specialties, Inc. v. Stayhealthy.com*, 275 F. Supp.2d 638, 640 (E.D. Pa. 2003)."

The *Brown* Court stated that courts generally consider the following factors in deciding whether to transfer a case to another district:

> (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties; (4) (sic) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (5) the location of books and records, similarly limited to the extent

that the files could not be produced in the alternative forum;
(6) the enforceability of the judgment; (7) practical considerations that
could make the trial easy, expeditious, or inexpensive; (8) the
relative court congestion in the competing courts; (9) the local interest
in deciding local controversies at home; (10) the public policies of
the fora; (11) and the familiarity of the trial judge with the applicable
state law.

*Id.* at *2(citation omitted); *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873 (3d Cir. 1995).[8]

We find that, based on the above analysis of the relevant factors as they pertain to Plaintiff's claims against Defendant Pang and the NCPD Defendants in the instant case, they weigh in favor of transferring Plaintiff's case to the District Court for the Southern District of New York. Significantly, as stated, we find that all of the alleged conduct giving rise to Plaintiff's claims against Defendants occurred in Westchester County, New York, which is located in the Southern District of New York and that all of the Defendants are located in the Southern District of New York. *See Paul Green Sch. of Rock Music Franchising, LLC v. Rock Nation*, 2009 WL 129740 (E.D. Pa.). As mentioned, Plaintiff is no longer in the Middle District of Pennsylvania. Thus, none of the parties, none of the witnesses, and none of the records regarding Plaintiff's claims are located in the Middle District of Pennsylvania. Also, all of the pertinent events complained of occurred in Westchester County, New York, including Plaintiff 's arrest and criminal prosecution, which is located in the Southern District of New York, and the records and documents regarding Plaintiff's claims against Defendants should heard be in the Southern District of New York.

Therefore, we find that, for the convenience of the parties, including Plaintiff himself, Plaintiff's case as against Defendant Pang and the NCPD Defendants should be transferred to the

---

[8]The quote from *Brown* contained two factors number (4).

18

District Court for the Southern District of New York, the proper forum. *See Vangura Kitchen Tops, Inc. v. C&C North America, Inc.*, 2008 WL 4540186, *3 citing *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 878 (3d Cir. 1995); *Lafferty v. St. Riel*, 495 F. 3d 72 (3d Cir. 2007).

## VII.    Recommendation.

Based on the above, it is respectfully recommended that Plaintiff's damages claims against the state actor Defendants in their official capacities be dismissed with prejudice. It is recommended that Plaintiff's request for declaratory relief be dismissed from this case with prejudice.  It is also recommended that all claims for damages that Plaintiff is making under the Pennsylvania Constitution should be dismissed with prejudice.

Additionally, it is recommended that the Court, for the convenience of the parties and in the interests of justice, transfer Plaintiff's case to the District Court for the Southern District of New York pursuant to 28 U.S.C. §1404(a).    It is also recommended that the Court deny as moot Plaintiff's second Motion for Leave to Proceed *In Forma Pauperis*.  **(Doc. 17)**.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: August    , 2013

19

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KWOK SZE,                                    :        CIVIL ACTION NO. **1:CV-12-0619**
                                             :
            Plaintiff                        :        (Chief Judge Kane)
                                             :
            v.                               :        (Magistrate Judge Blewitt)
                                             :
PUI-LING PANG a/k/a                          :
                                             :
SHERRY PANG, *et al.*,                       :
                                             :
            Defendants                       :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **August    , 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.




**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**


**Dated: August     , 2013**

21