UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KWOK SZE,

                              Plaintiff,

     - against -                            15-CV-447 (CS)

PUI-LING PANG, a/k/a SHERRY          **OPINION & ORDER**
PANG, *et al.*,

                              Defendants.

---

Appearances:

Kwok Sze
Gowanda, NY
*Plaintiff Pro Se*

Jura C. Zibas
Stephen J. Barrett
Laura A. Alos
Wilson Elser Moskowitz Edelman & Dicker LLP
New York, NY
*Counsel for Defendant Pui-Ling Pang, a/k/a Sherry Pang*

Paul E. Svensson
John J. Walsh
Hodges Walsh & Messemer, LLP
White Plains, NY
*Counsel for Defendants Daniel Corado, James Wilson and Noel Vargas*

Seibel, J.

      Before the Court are Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint. (Docs. 89, 99.) For the reasons stated below, the Motions are GRANTED.

1

**I.       Background**

      A.  Facts

For purposes of these Motions, the Court accepts as true the facts (but not the conclusions) alleged by Plaintiff in the Second Amended Complaint ("SAC").  (Doc. 87.)

Plaintiff Kwok Sze alleges that on March 27, 30 and 31, 2009, his private telephone calls with Defendant Pui-Ling Pang (a/k/a Sherry Pang) were recorded without his knowledge by Defendants Vargas, Corado and Wilson, police officers with the New Castle Police Department.  (SAC ¶¶ 11, 14.)  The SAC alleges that Pang worked "in concert with" the officers, who instructed Pang to "ask leading questions and interrogate Sze" as part of a criminal investigation into Sze's "alleged sexual contact with others."  (*Id.* ¶¶ 11, 15.)

According to Plaintiff, Defendants did not have a warrant to record the calls.  (*Id.* ¶ 17.)  Pang did, however, sign a New Castle Police Department "Consent to Recorded Phone Call" form on March 27, 2009.  (*Id.* Ex. A, at 2; Affirmation of Jura C. Zibas, Esq. ("Zibas Aff."), (Doc. 100), Ex. D.)  The form states:

> I, Pui-Ling S. Pang, hereby consent to have Detectives from the Town of New Castle Police Department conduct a controlled phone call . . . .  This includes me making a telephone call to David Sze and having the conversation between David Sze and myself recorded by New Castle Police Detectives.  I know that any and all parts of this recorded conversation may be used as evidence in a criminal investigation in the State of New York, Town of New Castle.

(SAC Ex. A, at 2; Zibas Aff. Ex. D.)[1]  Defendant Corado and Christine Hatfield of the Westchester County District Attorney's Office also signed the document on March 27.  (SAC Ex. A, at 2; Zibas Aff. Ex. D.)  Sze alleges that "proper consent was not obtained" because Pang

---

[1] Sze attached a copy of the form with Defendant Pang's name and signature redacted.  Defendant Pang attached an unredacted copy of the same form.  As discussed below, the Court may consider both.

2

executed only this single consent form (even though there were calls and recordings on two subsequent days), and it was not signed by a prosecutor in Pennsylvania. (SAC ¶¶ 24-34, 39.)

From December 2009 through March 2010, Sze sent a series of Freedom of Information Law ("FOIL") requests to the Westchester County District Attorney's Office, the New Castle Police Department, and the Town of New Castle in an attempt to gain access to the recordings in question and other information gathered during the course of the criminal investigation of him. (*Id.* ¶ 22, Exs. B-G.) These FOIL requests were denied until Sze received a letter from the Town of New Castle dated November 15, 2011, which attached the Consent to Recorded Phone Call form discussed above. (*Id.* ¶ 22, Ex. A.) He claims that until this time, he "had been led to believe" that consent was properly obtained. (*Id.* ¶ 24.)

Sze alleges that at all times relevant to this action he resided in Pennsylvania. (*Id.* ¶ 2.) The SAC also states that Pang is a resident of New York. (*Id.* ¶ 6.) It does not specify whether she resided in New York when she made the phone calls in question.

B. Procedural History

Sze filed his original complaint on April 4, 2012, in the Middle District of Pennsylvania. (Doc. 1.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), United States Magistrate Judge Thomas M. Blewitt screened Sze's complaint and issued a Report and Recommendation recommending that the complaint be dismissed as time-barred, or in the alternative, that the case be transferred to a more convenient venue. (Doc. 6.) United States District Judge Yvette Kane adopted Magistrate Judge Blewitt's Report and Recommendation, dismissing the action as time-barred. (Doc. 11.)

On appeal, the United States Court of Appeals for the Third Circuit vacated Judge Kane's order, observing that Plaintiff's claims could be timely if the limitations period were deemed to

be tolled or if the discovery rule was found to apply. (Doc. 18.) On remand, Magistrate Judge Blewitt issued another Report and Recommendation recommending that Judge Kane dismiss parts of Plaintiff's amended complaint on separate grounds and again recommending transfer to a different venue in the interests of justice. (Doc. 20.) Judge Kane adopted most of Magistrate Judge Blewitt's Report and Recommendation, dismissing several of Plaintiff's claims for injunctive relief and for monetary damages under the Pennsylvania Constitution, and transferring the action to this Court in the interests of justice pursuant to 28 U.S.C. § 1404(a). (Doc. 73.)

At a pre-motion conference on February 19, 2015, I granted Plaintiff leave to amend his complaint a second time. Sze filed his SAC, the operative complaint, on March 31, 2015, bringing (1) constitutional claims under 42 U.S.C. § 1983 and Article I, Section 8 of the Pennsylvania Constitution, (2) conspiracy claims under 42 U.S.C. §§ 1983 and 1985, and (3) claims under the Federal Wiretap Act and Pennsylvania's Wiretapping and Electronic Surveillance Control Act. Defendants have moved to dismiss under Federal Rule of Procedure 12(b)(6) for failure to state a claim on which relief can be granted.[2]

## II.  Discussion

### A. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[2] Defendant Pang attached to her motion an affidavit containing facts outside of the SAC, (Zibas Aff. Ex. E.), which, as discussed below, I cannot consider on a Rule 12(b)(6) motion to dismiss. The remaining Defendants inexplicably submitted a Local Rule 56.1 Statement, which is only applicable where a party moves for summary judgment. Neither of Defendants' motions comply with Local Rule 12.1 (requiring notice to *pro se* plaintiff where party moving to dismiss submits materials beyond the complaint). But because I do not convert Defendants' Rule 12(b)(6) motions into Rule 56 motions, and because Plaintiff understands the difference between the two, (*see* Doc. 104 at 6, 14; Doc. 105 at 17), he is not prejudiced by the erroneous submissions and omission.

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration, citations, and internal quotation marks omitted). While Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Id.* at 679. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

Because Plaintiff is appearing *pro se*, he is entitled to "special solicitude" in that his "submissions must be construed liberally . . . to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks and citations omitted).

    B.  <u>Documents that May Be Considered</u>

5

When deciding a motion to dismiss, ordinarily a court's "review is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007); *accord Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). But the court can also consider documents where the complaint relies heavily on their terms and effect – that is, documents "integral" to the complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Such reliance "is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Id*. And there must be no dispute as to the authenticity and relevance of the document. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

As Pang's counsel must have known, affidavits submitted by defendants and containing material outside the pleadings cannot be considered on a Rule 12(b)(6) motion to dismiss, *see Friedl v. City of N.Y.*, 210 F.3d 79, 83-84 (2d Cir. 2000), so I do not consider Pang's affidavit. I do, however, consider the unredacted Consent to Recorded Phone Call form because it is mentioned and relied on in the SAC, it is integral to the SAC, and Plaintiff does not dispute its authenticity.

C.  Plaintiff's Federal Wiretapping Claim

Plaintiff alleges that Defendants' recordings violated the Federal Wiretap Act. (SAC ¶¶ 7, 54-58.) The Federal Wiretap Act generally prohibits the interception of wire communications, including telephone conversations, but with a number of exceptions. *See generally* 18 U.S.C. § 2511 (2012). The exception relevant to the claims at issue states, "It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the

6

communication has given prior consent to such interception." *Id.* § 2511(2)(c).[3] The Second Circuit construes "consent" broadly, and consent may be express or implied. *United States v. Amen*, 831 F.2d 373, 378 (2d Cir. 1987). Further, "[an] informant's continuing cooperation with the government and knowledge of [a] recording is tantamount to his consent to record conversations." *United States v. Burford*, 755 F. Supp. 607, 615 (S.D.N.Y. 1991). Here, Defendant Pang gave both express and implied consent. Her signed consent form shows that she expressly consented to, at the very least, the March 27 call. (SAC Ex. A, at 2.) Her continued cooperation with the New Castle Police Department, coupled with her knowledge of subsequent recordings, further evidences her consent for all of the recordings in question. (SAC ¶¶ 11-13; *id.* Ex. A, at 2.) And while it is conceivable that Pang withdrew her consent and made the March 30 and 31 calls involuntarily, there are no facts in the SAC rendering that state of affairs plausible. *See Twombly*, 550 U.S. at 570 (holding that a complaint is properly dismissed where the facts pleaded do not suffice to "nudg[e] th[e] claims across the line from conceivable to plausible").

Accordingly, I find that Plaintiff has failed to plausibly allege that Defendants violated the Federal Wiretap Act. His claims under the Act are therefore dismissed.

D.  Plaintiff's Federal Constitutional Claims

Plaintiff also brings claims by way of 42 U.S.C. § 1983 alleging violations of his constitutional rights under the United States Constitution.

Sze first alleges that his constitutional right to be free from unreasonable searches and seizures was violated because he did not consent to the recording of his phone calls and the police did not have a warrant to record them. (SAC ¶¶ 17, 50-53.) It is well settled that "[w]here

---

[3] Section 2511(2)(d) separately allows interceptions with one-party consent by those not acting under color of law, as long as the individual does not have criminal or tortious intent. 18 U.S.C. § 2511(2)(d).

7

one party to a conversation consents to its being recorded, the Fourth Amendment [of the United States Constitution] is not violated." *United States v. Kee*, No. 98-CR-778, 2000 WL 760098, at *1 (S.D.N.Y. June 12, 2000)[4]; *accord United States v. White*, 401 U.S. 745, 752-53 (1971). Because Plaintiff has not plausibly alleged that Pang did not consent to the recording of all three calls, he fails to allege a Fourth Amendment violation.

Plaintiff further alleges that the March 27, 30 and 31 recordings without his consent amounted to unconstitutional interrogations. (SAC ¶ 14.) The government may not use any statements that were the product of a custodial interrogation unless, prior to any questioning, the party in custody was advised of his constitutional rights and knowingly, intelligently and voluntarily waived such rights. *Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966). But in order for a person to invoke this protection, both a custodial situation and official interrogation are required. *Alexander v. Connecticut*, 917 F.2d 747, 750-51 (2d Cir. 1990). The test for custody is an objective one: "whether a reasonable person in the [Plaintiff's] position would have understood himself to be 'subjected to the restraints comparable to those associated with a formal arrest.'" *United States v. Ali*, 68 F.3d 1468, 1472 (2d Cir. 1995) (quoting *United States v. Mussaleen*, 35 F.3d 692, 697 (2d Cir. 1994)). When the recordings at issue in this case took place, Plaintiff by his own account was on the telephone in Pennsylvania and unaware that law enforcement officers were listening in New York. (SAC ¶¶ 16, 18, 43-44.) He alleges nothing that would plausibly suggest that a reasonable person in his position could have understood himself to be in a situation akin to a formal arrest. As Plaintiff was not in custody, he cannot invoke *Miranda*'s protections.

---

[4] The Court will send Plaintiff copies of all unpublished decisions cited in this opinion.

Finally, Sze claims elsewhere in his SAC and briefs that the telephonic recordings without his consent violated his Eighth and Fourteenth Amendment rights.  (SAC at 6; Plaintiff's Memorandum of Law in Response to Defendants Daniel Corado, Noel Vargas and James Wilson's Rule 12(b) Motion to Dismiss ("P's First Opp."), (Doc. 105), 7, 8, 17.)  These claims are unsupported by any facts pleaded in the SAC.

Plaintiff has failed to plead facts sufficient to allege any constitutional violations.  His constitutional claims are therefore dismissed.

### E.  Plaintiff's Conspiracy Claim Under 42 U.S.C. § 1983

Sze alleges that the Defendants' actions amounted to conspiracy under 42 U.S.C. § 1983.  To state such a claim, a plaintiff must show:  "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."  *Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002).  "In addition, 'complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct.'"  *Id.* (quoting *Dwares v. City of N.Y.*, 985 F.2d 94, 100 (2d Cir. 1993)).  Here, Plaintiff has simply pleaded conclusory allegations that defendants were engaged in a conspiracy to deprive him of constitutional rights.  (SAC ¶ 13.)  The facts in his pleading, however, instead show that to the extent the Defendants were acting in concert, it was to further a criminal investigation, not to inflict an unconstitutional injury.  (*Id.* ¶¶ 11, 14-15; *id.* Ex. A, at 2.)  Moreover, a § 1983 conspiracy claim fails as a matter of law without an underlying § 1983 violation.  *See Mitchell v. County of Nassau*, 786 F. Supp. 2d 545, 564 (E.D.N.Y. 2011).  Plaintiff's § 1983 conspiracy claim is therefore dismissed.

F. Plaintiff's Conspiracy Claim Under 42 U.S.C. § 1985

Plaintiff also alleges that the Defendants' actions amounted to a conspiracy to violate his constitutional rights under 42 U.S.C. § 1985. "Such a conspiracy is actionable under § 1985 only if it involves a discriminatory animus based on race or some other invidious classification." *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 419 (2d Cir. 1999). Because Sze has pleaded no facts to support any discriminatory animus, this claim is dismissed.

G. Plaintiff's State Law Claims

In addition to his statutory and constitutional claims under federal law, Plaintiff further alleges that his rights were violated under Pennsylvania law. (SAC ¶¶ 59-62.) The "traditional 'values of judicial economy, convenience, fairness, and comity'" weigh in favor of declining to exercise supplemental jurisdiction where all federal-law claims are eliminated before trial. *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Having determined that all of the claims over which this Court has original jurisdiction[5] should be dismissed, I decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law causes of action. *See id*. (citing 28 U.S.C. § 1367(c)(3)).[6]

H. Leave to Amend

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). It is "within the sound discretion of the district court to grant or deny leave to amend." *McCarthy*, 482 F.3d at 200. "Leave to amend, though liberally granted, may properly

---

[5] Plaintiff alleges only federal-question jurisdiction in the SAC. While he alleges that he lived in Pennsylvania during the relevant period and that Defendant Pang lives in New York now, he does not allege the citizenship of any party, so I cannot assume diversity jurisdiction exists.

[6] In light of my disposition, I need not address the choice of law, statute of limitations, qualified immunity or other issues raised by the parties.

be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff has mentioned leave to amend only in passing in his opposition briefs. He has already amended his complaint twice, (*see* Docs. 10, 87), including following a pre-motion conference at which the issues that Defendants intended to raise were discussed. (Docs. 81-82, 86; Minute Entry dated Feb. 19, 2015.) At that conference, I highlighted the need for Plaintiff to present a factual basis for concluding that Pang did not consent to the recordings. He has not done so, nor has he suggested that he possesses any facts that would cure the deficiencies identified in this opinion. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Ariel (UK) Ltd. v. Reuters Grp., PLC*, 277 F. App'x 43, 45-46 (2d Cir. 2008) (summary order) (district court did not exceed its discretion in not granting leave to amend where plaintiff had already amended complaint once and amendment would have been futile); *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505-06 (2d Cir. 2014) (denying leave to amend was proper where plaintiff had already failed to cure pleading deficiencies and did not specify what new facts it had that would cure those deficiencies) (collecting cases). Accordingly, because Plaintiff has already had two chances to amend his pleadings, and in the absence of any indication that Plaintiff is in possession of facts that could cure the problem, I decline on the present record to grant Plaintiff leave to amend.

11

### III.     Conclusion

For the reasons stated above, Defendants' Motions to Dismiss the Amended Complaint are GRANTED.  The Clerk of Court is respectfully directed to terminate the pending motions, (Docs. 89, 99), and close the case.

**SO ORDERED.**

Dated:  November 9, 2015
            White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.